1

2

3

4

5

6                              IN THE UNITED STATES DISTRICT COURT

7

8                         FOR THE NORTHERN DISTRICT OF CALIFORNIA

9    ANGELA NAILS,                                    No.  C 12-00152 JSW

10               Plaintiff,                            **ORDER DENYING WITHOUT**
                                                      **PREJUDICE APPLICATION TO**
11       v.                                           **PROCEED *IN FORMA PAUPERIS***
                                                      **AND DISMISSING COMPLAINT**
12   WELLS FARGO BANK,                                **WITH LEAVE TO AMEND**

13               Defendant.

14   _____/

15          On January 6, 2012, Plaintiff filed a Complaint in this action and applied to proceed *in*

16   *forma pauperis*.  In her Complaint, Plaintiff alleges that Wells Fargo improperly charged her

17   "NSF" Fees, which based on the context of the complaint appears to refers to fees for

18   insufficient funds.  Plaintiff alleges that her total damages are $3,641.98.  The *in forma pauperis*

19   statute provides that the Court shall dismiss the case if, *inter alia*, the Complaint fails to state a

20   claim on which relief may be granted.  28 U.S.C. § 1915(e)(2)(B).  Federal courts are under a

21   duty to raise and decide issues of subject matter jurisdiction *sua sponte* at any time it appears

22   subject matter jurisdiction may be lacking.  Fed. R. Civ. P. 12; *Augustine v. United States*, 704

23   F.2d 1074, 1077 (9th Cir. 1983).  If the Court determines that subject matter jurisdiction is

24   lacking, the Court must dismiss the case.  *Id.*; Fed. R. Civ. P. 12(h)(3).

25   //

26   //

27   //

28   //

*United States District Court*
For the Northern District of California

Federal courts are courts of limited jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts can only adjudicate cases which the Constitution or Congress authorize them to adjudicate: those cases involving diversity of citizenship (where the parties are from diverse states), or a federal question, or those cases to which the United States is a party. *See, e.g., Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375 (1994). Federal courts are presumptively without jurisdiction over civil cases and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Id.* at 377.

It is undisputed that the United States is not a party to this case. Although Plaintiff has not alleged the citizenship of each of the parties, even if they are completely diverse, based on the allegations in the Complaint, the amount in controversy does not exceed $75,000. Thus, diversity jurisdiction is lacking. Finally, Plaintiff has not alleged that Defendant's actions violate any particular provision of federal law or raise any federal question. For this reason, the Court DENIES WITHOUT PREJUDICE Plaintiff's application to proceed *in forma pauperis*, and it DISMISSES Plaintiff's Complaint.

Because the Court cannot say there is no legal theory upon which Plaintiff could assert a basis for federal jurisdiction, it shall give the Plaintiff one further and final opportunity to file an amended complaint that sets forth a viable basis for federal jurisdiction. Indeed, although Plaintiff alleges that her complaint is based on "the banking and financing rules for the state," it is not clear to the Court on what legal theory she seeks to hold Defendant liable for its allegedly wrongful conduct. Plaintiff also shall clearly articulate that theory in any amended complaint that she files. Plaintiff shall file an amended complaint by no later than March 2, 2012. If Plaintiff fails to file an amended complaint by that date, the Court shall dismiss this case without prejudice.

The Court HEREBY ADVISES Plaintiff that a Handbook for Pro Se Litigants, which is available through the Court's website or in the Clerk's office, contains helpful information about proceeding without an attorney. The Court also advises Plaintiff that she also may wish

**United States District Court**
For the Northern District of California

to seek assistance from the Legal Help Center.  Plaintiff may call the Legal Help Center at 415-782-9000, extension 8657, or sign up on the 15th Floor of the Courthouse, Room 2796, for a free appointment with an attorney who may be able to provide basic legal help, but not legal representation.

**IT IS SO ORDERED.**

Dated:  February 8, 2012

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

1

UNITED STATES DISTRICT COURT

2

FOR THE

3

NORTHERN DISTRICT OF CALIFORNIA

4

5

6   ANGELA NAILS et al,                          Case Number: CV12-00152 JSW

              Plaintiff,

7                                                **CERTIFICATE OF SERVICE**

      v.

8

    WELLS FARGO BANK et al,

9

              Defendant.

10   _____/

11

12   I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S.
     District Court, Northern District of California.

13   That on February 8, 2012, I SERVED a true and correct copy(ies) of the attached, by
     placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter
14   listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an
     inter-office delivery receptacle located in the Clerk's office.

15

16

17   Angela Nails
     464 East Broad Street
18   Ozark, AL 36360

19   Dated: February 8, 2012

20                                              *Jennifer Ottolini*

                                                Richard W. Wieking, Clerk
                                                By: Jennifer Ottolini, Deputy Clerk

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California